# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 23, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LAUREN MILLER, | * | |
| | * | |
| Petitioner, | * | No. 19-985V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Katherine C. Esposito,* U.S. Depart. of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On July 10, 2019, Lauren Miller ("petitioner"), filed her claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of receiving the human papilloma virus ("HPV") and influenza vaccines on November 22, 20216, she developed severe headaches, fatigue, memory problems, and intermittent low-grade fevers. *Id.* at ¶¶ 2-3.

Petitioner filed medical records to accompany her petition and an expert report from Dr. Omid Akbari. *See* Pet'r Exhibits ("Exs.") 1-11. Respondent filed a Rule 4(c) report, recommending against compensation on July 8, 2020. Respondent ("Resp't") Report ("Rept.") (ECF No. 19). Respondent also filed an expert report by Drs. Shawn Aylward and Dr. S. Mark Tompkins. Resp't Exs. A & C.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

The undersigned held a Rule 5 Status Conference on May 30, 2024, and explained that petitioner's case presented numerous problems, including that onset of petitioner's alleged injury was too remote based on the theory presented by petitioner's expert, Dr. Akbari. Rule 5 Order (ECF No. 36). Additionally, the medical records provided inconsistent evidence as it related to the onset of petitioner's headaches. *See* Pet'r Ex. 1 at 4 (noting onset of headaches a year prior to vaccination); Pet'r Ex. 3 at 33 (noting onset of headaches beginning two to three years prior to vaccination). Petitioner was ordered to file additional evidence to demonstrate a temporal association between the vaccination and her alleged injuries. Rule 5 Order at 2.

On May 15, 2025, the undersigned held another status conference, after petitioner had failed to file additional evidence to support a temporal association between the vaccines and her alleged injury. Scheduling Order (ECF No. 51). During this status conference, the undersigned explained that petitioner's expert's theory was non-specific as to how the vaccines petitioner received could cause the injury she was alleging, and that petitioner's alleged injury appeared to be shifting. Scheduling Order at 2. Accordingly, I recommended that petitioner voluntarily dismiss her claim, as she was unlikely to demonstrate by preponderant evidence that the vaccines she received caused her alleged injuries.

On September 22, 2025, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion ("Pet'r Mot.") (ECF No. 55). In her motion, petitioner stated that she understands that the decision dismissing her petition will result in a judgment against her and that such a judgment will end all of her rights in the Vaccine Program. Pet'r Mot. at 1. Petitioner also understands that her attorney may be made once a decision dismissing her petition is entered and that respondent reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of petitioner's claim and oppose, if appropriate, petitioner's application for attorneys' fees and costs. *Id.* Petitioner stated that she intends to reject the Vaccine Program judgment against her and protect her rights to file a civil action in the future. *Id.* at 1-2.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner is not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of her alleged injuries. To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

Petitioner's burden of proof is by a preponderance of the evidence. § 13(a)(1). The preponderance standard requires a petitioner to demonstrate that it is more likely than not that the vaccine at issue caused the injury. *Moberly v. Sec'y of Health & Hum. Servs.,* 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010). Proof of medical certainty is not required. *Bunting v. Sec'y of Health & Hum. Servs.,* 931 F.2d 867, 873 (Fed. Cir. 1991). In particular, petitioner must prove that the

vaccine was "not only [the] but-for cause of the injury but also a substantial factor in bringing about the injury." *Moberly*, 592 F.3d at 1321 (quoting *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1352-53 (Fed. Cir. 1999)); see also *Pafford v. Sec'y of Health & Hum. Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006).

Under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. §13(a)(1). In this case, petitioner has not presented preponderant evidence of a proximate temporal association between the vaccines she received and the alleged injury. As discussed above, petitioner's medical records are inconsistent as to the onset of her alleged injury and suggest that her condition began prior to the vaccination on November 22, 2016. Further, petitioner is requesting that her claim be voluntarily dismissed and in accordance with Vaccine Rule 21(b), the special master or the court may dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3). A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of 42 U.S.C. § 300aa-21(a). Vaccine Rule 21(b)(2).

Accordingly, the evidence submitted is insufficient to establish entitlement and petitioner has not presented preponderant evidence to support a finding of vaccine causation under *Althen*.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).